IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


JACQUELYN HORTON                                                    PLAINTIFF


            v.                        CIVIL NO. 15-5135


NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration[1]          DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Jacquelyn Horton, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act ("Act"). 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on April 10, 2012. (ECF No. 14, pp. 16, 149). In her applications, Plaintiff alleges disability due to bipolar disorder, depression, borderline personality disorder, and anxiety. (ECF No. 14, p. 153). Plaintiff initially alleged an onset date of March 17, 1999, which Plaintiff subsequently amended at the

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

administrative hearing to April 8, 2009. (ECF No. 14, pp. 16, 39, 149). These applications were denied initially and again upon reconsideration. (ECF No. 14, pp. 57-63, 67-71). Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (ECF No. 14, p. 76). Plaintiff's administrative hearing was held on September 23, 2013, in Jonesboro, Arkansas. (ECF No. 14. pp. 16, 34-49). Plaintiff was present and was represented by Nicholas Coleman. Id. Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. Id. At the time of this hearing, Plaintiff was twenty-seven (27) years old, which is defined as a "younger person" under 20 C.F.R. §§ 404.1563(c), 416.963(c). (ECF No. 14, p. 37). As for her level of education, Plaintiff completed the twelfth grade. (ECF No. 14, p. 37).

After this hearing, on January 14, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (ECF No. 14, pp. 13-27). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2009. (ECF No. 14, p. 18, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 17, 1999, her pre-amendment alleged onset date. (ECF No. 14, p. 18, Finding 2). The ALJ determined Plaintiff had the following severe impairments: major depressive disorder, borderline personality disorder, anxiety disorder, substance induced psychotic disorder, and recurrent ovarian cysts. (ECF No. 14, pp. 18-19, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 14, pp. 19-20, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 14, pp. 20-25, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found

her claimed limitations were not entirely credible. Id. Second, the ALJ determined Plaintiff

retained the RFC to perform:

> a full range of work at all exertional levels but with the following non-exertional limitations: this individual can perform where interpersonal contact is limited. Limited is defined as interpersonal contact that requires little interaction, such as answering simple questions, responding appropriately to co-workers and supervisors, interaction with the public is infrequent and considered to be an essential job duty;[2] complexity of tasks is learned by demonstration and repetition within 30 days, with few variables, little judgment and the supervision required is simple, direct and concrete.

Id.

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW"). (ECF No. 14,

p. 25, Finding 6). The VE testified at the administrative hearing regarding this issue. (ECF No.

14, pp. 47-49). Based on Plaintiff's age, education, work experience, and RFC, the ALJ

determined there were jobs existing in significant numbers in the national economy Plaintiff

could perform, such as a commercial laundry worker and as a housekeeper. (ECF No. 14, p.

26, Finding 10). Because jobs exist in significant numbers in the national economy, which

Plaintiff can perform, the ALJ also determined Plaintiff had not been under a disability, as

defined by the Act, from March 17, 1999, her pre-amendment alleged onset date, through

January 14, 2014, the date of the ALJ's decision. (ECF No. 14, p. 26, Finding 11).

Thereafter, on March 14, 2014, Plaintiff requested a review by the Appeals Council

(ECF. No. 14, pp. 11-12). The Appeals Council denied this request on April 15, 2015. (ECF

---

[2] The hypothetical question presented to the VE at the administrative hearing by the ALJ specified "interaction with the public is infrequent and *not* considered to be an essential job duty." (ECF No. 14, p. 47) (emphasis added). Based on this Court's examination of the record as a whole, this distinction appears to be a scrivener's error which did not result in a practical impact on the ALJ's decision. Therefore, this Court finds the omission of the word "not" in the ALJ's written decision of January 14, 2014, is immaterial and does not, in and of itself, constitute reversible error.

No. 14, pp. 5-10). On June 12, 2015, Plaintiff filed the present appeal with this Court. (ECF No. 1). The Parties consented to the jurisdiction of this Court on June 30, 2015. (ECF No. 6). This case is now ready for decision.

## II.     Applicable Law:

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. Id.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A

Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if she reaches the final stage does the fact finder consider Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**III.    Discussion:**

Plaintiff argues the following issues on appeal: 1) the Commissioner's decision should be reversed because the ALJ failed to acknowledge Plaintiff's amended alleged onset date; and 2) the Commissioner's decision should be reversed because the ALJ failed to comply with Social Security Ruling (SSR) 00-4p in failing to inquire whether the VE's testimony was consistent with the *Dictionary of Occupational Titles* ("DOT").

**A.    Plaintiff's Alleged Onset Date of Disability**

The ALJ examined all of the evidence in the record, which encompassed the relevant periods for Plaintiff's Title II and Title XVI applications. The ALJ is required to examine the whole record. 20 C.F.R. §§ 404.1520(a)(3), 416.920; See Reeder v. Apfel, 214 F.3d 984, 988

5

(8th Cir. 2000) ("the ALJ is not free to ignore medical evidence but rather must consider the whole record"). In determining the date of onset of a disability, the ALJ should consider the claimant's alleged date of onset, her work history, and the medical and other evidence of her condition. Grebenick v. Chater, 121 F.3d 1193, 1200 (8th Cir.1997); Social Security Ruling 83-20 (Social Security Administration 1983).  The regulations clearly state that "the date alleged by the individual should be used if it is consistent with all the evidence available." Social Security Ruling 83-20; Karlix v. Barnhart, 457 F.3d 742, 747 (8th Cir. 2006). Records and medical opinions from outside the insured period are only useful in "helping to elucidate the medical condition during the time for which benefits might be awarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006).

Plaintiff argues the ALJ's failure to amend the alleged onset date of disability in his January 14, 2014, decision resulted in reversible error because Plaintiff's substance abuse "could likely preclude an award of benefits for that period." (ECF No. 12, pp. 14-15). The ALJ, however, did not rely on Plaintiff's history of substance abuse in the decision. There is no evidence the ALJ cited Plaintiff's history of substance abuse against the credibility of her testimony or subjective complaints. The ALJ, moreover, specifically stated:

> [Plaintiff] has a history of reported methamphetamine and cocaine use. She testified that she last used methamphetamine in 2010. The record confirms a past history of methamphetamine and cocaine was found to be in her system, but that she is no longer using any illegal substances. (Ex. 2F, 6F, 7F). The undersigned acknowledges that there is a history of occasional drug abuse in the record; however, it does not appear that [Plaintiff] is currently using any illegal substances. The undersigned finds that [Plaintiff's] past drug abuse is *not material* to this decision.

(ECF No. 14, p. 24) (emphasis added). Further, for purposes of an award of benefits under Title II of the Act, the ALJ had the ability to set Plaintiff's actual date of onset of disability to any date after Plaintiff gained insured status and before December 31, 2009, Plaintiff's date

last insured, had the ALJ determined Plaintiff's impairments were disabling. Moreover, for purposes of an award of benefits under Title XVI of the Act, the ALJ had the ability to set Plaintiff's actual date of onset of disability to any date before the ALJ's January 14, 2014, decision, had the ALJ determined Plaintiff's impairments were disabling. Plaintiff's argument that the ALJ's failure to incorporate the amended alleged onset date into his January 14, 2014, decision resulted in any prejudice to Plaintiff, and prejudice specifically due to her history of substance abuse, is therefore without merit.

**B.    VE Testimony**

We have long held, "the ALJ has an affirmative responsibility to ask about 'any possible conflict' between VE evidence and the DOT." Kemp ex rel. Kemp v. Colvin, 743 F.3d 630, 633 (8th Cir. 2014) (quoting Social Security Ruling (SSR) 00-4p (Dec. 4, 2000)); See also Welsh v. Colvin, 765 F.3d 926, 929 (8th Cir. 2014) ("In [Kemp], we construed SSR 00-4p as placing on the ALJ an affirmative responsibility to ask about 'any possible conflict' between VE evidence and the DOT, and to obtain an explanation for any such conflict, before relying on VE evidence to support a determination the claimant is not disabled"). Plaintiff asks this Court for remand because the ALJ failed to ask the VE, at the administrative hearing, if any possible conflict existed between the DOT and the VE's testimony.

Plaintiff has failed to allege any possible conflict actually existed between the VE's testimony and the DOT. Plaintiff did not identify any possible conflict between the DOT and the VE's testimony during the administrative hearing, in her brief to the Appeals Council, or in her brief to this Court. An examination of the two relevant listings in the DOT, commercial laundry worker at DOT No. 361.685-018 and housekeeper at DOT No. 323.687-014, reveals no possible inconsistencies between the hypothetical question posed to the VE and the two

7

representative occupations the VE testified regarding. The ALJ's responsibility to ask about any possible conflict between VE evidence and the DOT is contingent upon the existence of a possible conflict in which to inquire. See Kemp, 743 F.3d at 633. The ALJ's hypothetical question to the VE accurately reflected his RFC finding, there were no apparent inconsistencies with the relevant DOT job descriptions provided by the VE, and the ALJ explained his decision to credit the VE's testimony. The ALJ has complied with SSR 00-4p. Based on the foregoing, I find substantial evidence supports the ALJ's reliance on the VE's testimony. See Welsh v. Colvin, 765 F.3d 926 (8th Cir. 2014) (citing Jones v. Astrue, 619 F.3d 963, 978 (8th Cir. 2010)).

**IV.**    **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that the Plaintiff's Complaint should be, and is hereby dismissed with prejudice.

IT IS SO ORDERED this 14th day of February, 2017.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

8